[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11506
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-03925-TWT


S. GREGORY HAYS,
Receiver for Lighthouse Financial Partners, LLC,

                                                        Plaintiff-Appellant,


versus


PAGE PERRY, LLC,
ESTATE OF J. BOYD PAGE,
ALAN R. PERRY, JR.,
J. STEVEN PARKER,
ROBERT D. TERRY, et al.,

                                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(October 5, 2015)

Before WILLIAM PRYOR, JORDAN and JILL PRYOR, Circuit Judges.

PER CURIAM:

S. Gregory Hays, the receiver for Lighthouse Financial Partners, LLC, appeals the dismissal of his complaint against the law firm of Page Perry, LLC; four of its partners, Steve Parker, Robert D. Terry, Daniel I. MacIntyre, and Alan R. Perry Jr.; and the estate of deceased partner J. Boyd Page. Hays complained about professional malpractice and the breach of fiduciary duties and of contract by Page Perry, Parker, Terry, and MacIntyre, and about negligent supervision by Page and Perry. Hays alleged that the lawyers violated their ethical and legal obligations to Lighthouse, a registered investment advisor, by failing to report it for regulatory noncompliance and by allowing its president and managing owner, Benjamin DeHaan, to misappropriate clients' funds. The district court dismissed the complaint for failure to state a claim that had facial plausibility. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56, 127 S. Ct. 1955, 1965 (2007). We affirm.

## I. BACKGROUND

Lighthouse provided financial advice and investment services to its clients. Its managing owner, DeHaan, diverted clients' funds into a bank account labeled "Client Holding – Pass Through" that he opened ostensibly as an account for Lighthouse. DeHaan concealed his wrongdoing by representing to federal and state regulatory agencies that Lighthouse did not have custody of client funds and that

2

the funds had been transferred to broker-dealers who served as custodians.

Between 2008 and 2012, Lighthouse retained Page Perry as legal counsel. Their agreement, signed by DeHaan, stated that Page Perry would "advise [Lighthouse] regarding all registration, licensing and regulatory requirements"; assist in "drafting, reviewing, [and] advising as to the content and form of all documents required to be filed by said regulators"; and advise Lighthouse about "selected communications proposed to be issued," "general business matters relating to corporate formation and/or reorganization," existing contracts, and "the general legality, advisability, and regulatory implications of any actual or prospective line of business . . . ." The agreement specified that Page Perry "will not serve as General Counsel and will not make independent inquiry or investigation without specific request" and its responsibilities did not include "[c]ompliance matters, except as expressly identified."

During the representation, Page Perry advised DeHaan about regulations governing the custody of client funds and conducted a two-phase mock audit to identify deficiencies in client files and account records. After each phase of the audit, Page Perry issued a report that delineated shortcomings in Lighthouse procedures and records. Some of the information exchanged by the lawyers and DeHaan was preserved in email messages.

In the beginning of 2012, the Georgia Secretary of State audited Lighthouse,

and on March 30, 2012, the Securities and Exchange Commission subpoenaed DeHaan to testify. Parker and MacIntyre assisted DeHaan during the hearing. In June 2012, Page Perry withdrew as counsel for Lighthouse and, after obtaining DeHaan's consent, Page Perry notified the Commission that DeHaan had been purloining client funds. The Commission filed a civil enforcement action against DeHaan and Lighthouse, which resulted in a freezing of its assets and the appointment of Hays as receiver.

Hays filed a complaint against Page Perry and five of its partners. Hays alleged that the law firm, Parker, Terry, and MacIntyre violated their duties to report DeHaan's misconduct to "the highest authority that can act on behalf of the [business] organization," Ga. R. of Prof'l Conduct 1.13(b); to avoid conflicts of clients' interests, *id.* R. 1.7; "len[ding] credibility to DeHaan's fraudulent enterprise by . . . mak[ing] their presence highly visible . . . [in] Lighthouse's operations" and helping DeHaan to "garner trust and confidence with Lighthouse's clients"; "fail[ing] to inquire about" and disregarding "glaring irregularities" in records that they uncovered during the mock audit; and "protecting . . . and even facilitating [DeHaan's] fraudulent scheme against Lighthouse." Page Perry and the three partners, Hays alleged, also "breached their fiduciary duty to Lighthouse by treating DeHaan as their client and putting his interest above that of Lighthouse" and breached their contract by "failing to properly advise Lighthouse with respect

to the numerous regulatory violations by DeHaan, failing to address the material regulatory deficiencies it discovered or should have discovered in the mock audits, and failing to act in Lighthouse's best interest with respect to known regulatory violations and other misconduct by DeHaan . . . ." Hays also alleged that "Page and Perry, as the senior partners of the firm, [were] vicariously liable in respondeat superior for the acts of . . . Parker, Terry and MacIntyre" and were negligent in their supervision of those lawyers. Hays attached 36 exhibits to the complaint, including the retainer agreement, some emails and correspondence, and an affidavit from Mercer Bullard, an attorney, opining that Page Perry was negligent and caused Lighthouse to incur damages.

Page Perry, Parker, and Terry filed motions to dismiss, which the district court granted. The district court ruled that the complaint lacked factual material to support a claim of malpractice. Lighthouse hired Page Perry "to perform an advisory role," and after "[d]isregarding the wild exaggerations, implausible inferences and selective quotations from e-mails," the district court determined that the complaint failed to identify "a single instance in which Page Perry gave Lighthouse bad advice" and that Bullard's affidavit failed to cite any authority requiring legal counsel "to report regulatory non-compliance to a government agency." The theory "that Page Perry had to inform on Lighthouse of suspected or known regulatory violations" would, the district court reasoned, "convert private

corporate lawyers representing financial advisers and other regulated industry participants into unwilling government auditors required to utilize information gained in the course of their representation to the potential detriment of their clients" and cause lawyers to "routinely violate" rules safeguarding client confidentiality. Even assuming that Page Perry "breached [its] duty of care by performing deficient mock audits," that breach was not the proximate cause of any damages to Lighthouse, the district court ruled, because "the Complaint ma[de] clear that Lighthouse's compliance issues were . . . caused . . . by DeHaan's decision to flout applicable regulations to further his fraudulent scheme, and then lie to his clients and his lawyers" and "[t]he Complaint fail[ed] to indicate how a more adequate mock audit . . . would have prevented DeHaan's criminal conduct." The district court ruled that the claims of breach of fiduciary duties and of contract failed because they were "duplicative of the professional malpractice claim" and because the complaint did not identify any authority or a provision in the contract that required Page Perry to report Lighthouse.

The district court also granted the motions of Page, Perry, and MacIntyre to dismiss the complaint. The claims against Page and Perry failed, the district court explained, because Georgia law eliminates vicarious liability for members of a limited liability company and because the complaint did not allege, to support claims of negligent supervision and general negligence, that Page or Perry knew or

should have known that junior members had a tendency to engage in malpractice. The district court also determined that the claims against MacIntyre failed because the complaint did not allege "what [MacIntyre] specifically advised DeHaan to do" during the hearing before the SEC or "how it affected Lighthouse in any way."

## II. STANDARD OF REVIEW

We review *de novo* the dismissal of Hays's complaint for failure to state a claim. *Jean v. Dorelien*, 431 F.3d 776, 778 (11th Cir. 2005). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974). The complaint must contain "more than labels and conclusions"; its well-pled allegations must "nudge[] the[] claims across the line from conceivable to plausible.'" *Twombly*, 550 U.S. at 555, 570, 127 S. Ct. at 1965, 1974.

## III. DISCUSSION

Hays's complaint purports to allege errors and misconduct by Page Perry and its partners. To survive a motion to dismiss, the complaint had to allege facts that "allow[ed] the [district] court to draw the reasonable inference that the [lawyers] [were] liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. "[F]acts that are 'merely consistent with' . . . liability" and demonstrate only a possibility, but not the plausibility, of relief fail to satisfy this

standard. *Id.* As explained below, Hays's allegations, individually or cumulatively, do not allow a plausible inference that the lawyers knew of DeHaan's theft or support Hays's claims that the lawyers violated their ethical and legal duties to Lighthouse.

Hays's complaint fails to state an allegation of legal malpractice by Page Perry, Parker, Terry, or MacIntyre that is plausible on its face. A claim of legal malpractice has two elements: the lawyers must have failed to "exercise ordinary care, skill and diligence" when "perform[ing] the task for which [they] were employed" and that negligence must have been the proximate cause of damage to the client. *See Tante v. Herring*, 453 S.E.2d 686, 687 (Ga. 1994). Hays alleged that the lawyers were negligent in failing to notify regulatory officials of noncompliance by Lighthouse, but the complaint failed to identify any authority requiring the lawyers to report their client. Hays alleged that the lawyers violated the Georgia Rules of Professional Conduct, but a dereliction of ethical obligations cannot "establish civil liability," *Allen v. Lefkoff, Duncan, Grimes & Dermer, P.C.*, 453 S.E.2d 719, 720 (Ga. 1995) (quoting *Davis v. Findley*, 422 S.E.2d 859, 860 (Ga. 1992)). Moreover, the well-pleaded allegations in the complaint establish that the lawyers had no conflict of interest, in violation of Rule of Conduct 1.7, because "DeHaan was not their client" (Compl. ¶ 111; Ex. 2) and "the firm . . . 'never represented [DeHaan] and [refused to] do so in [the SEC investigation] or any

other matter" (Compl. ¶ 112; Ex. 32). Hays alleged that the lawyers violated Rule 1.13(b) by failing to report DeHaan to regulatory officials, but that rule instead required counsel to report misconduct to "the highest authority that can act on behalf of the organization,'" Ga. R. of Prof'l Conduct 1.13(b). Hays argues that Page Perry should have reported its findings to Anatoly Melamud, a shareholder in Lighthouse, but Hays never mentioned Melmud in the complaint. And, even if we assume, like the district court, that the lawyers were remiss in conducting the mock audit, the complaint did not allege a causal connection between the audit and damages incurred by Lighthouse. Factual matter in the complaint and its exhibits establish that DeHaan misled the lawyers and misappropriated client funds notwithstanding their advice to remedy regulatory noncompliance by Lighthouse.

Hays's challenges to the dismissal of his complaint of malpractice lack merit. Hays argues that the lawyers had to report that DeHaan was stealing from Lighthouse and facilitated DeHaan's wrongdoing by assisting him during the hearing before the Securities Commission, but the allegations in the complaint fell short of supporting a plausible inference that Page Perry knew of or aided in DeHaan's theft. *See Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002). The complaint and exhibits establish that the lawyers knew about some regulatory noncompliance and accepted DeHaan's explanations for the holding account and recordkeeping irregularities, but that fails to "nudge[]

[Hays's] claim[] [about knowledge of criminal activity] across the line from conceivable to plausible." *See Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974. Hays also argues that Bullard's affidavit establishes that the lawyers knew of DeHaan's theft, but as disclosed in the affidavit, Bullard's "opinion is based on [his] assumption that the factual allegations in the Complaint are true." Hays contests the summary rejection of his assertion that the lawyers also violated Rules of Conduct 1.2(d) and 4.1, but the district court was entitled to disregard theories of liability "previously available, but not pressed" by Hays until he moved for reconsideration. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (quoting *Stone v. Wall*, 135 F.3d 1438, 1442 (11th Cir. 1998)).

Hays has abandoned any challenge that he could have made to the dismissal of his complaints about the breach of fiduciary duties and of contract. "[T]he law is by now well settled in this Circuit that a legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed." *Holland v. Gee*, 677 F.3d 1047, 1066 (11th Cir.2012) (quoting *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004)). The district court dismissed Hays's complaints of breach of fiduciary duties and of contract as duplicative of his complaint about professional malpractice, and Hays does not contest that determination. We deem abandoned any challenge Hays might have raised to the dismissal of that part of his complaint.

Hays's complaint also is insufficient to state a claim against Page and Perry. The complaint alleges that "Page and Perry, as the senior partners of the firm, are vicariously liable in respondeat superior for the acts of Defendants Parker, Terry and MacIntyre in the course of their employment," but under Georgia law, "a member[ or] manager . . . of a limited liability company is not liable, solely by reason of [his position], . . . for the acts or omissions of any other member, manager, agent, or employee of the limited liability company, whether arising in contract, tort, or otherwise." Ga. Code Ann. § 14-11-303(a). Hays alleges that "Page and Perry failed to adequately supervise Defendants Parker, Terry, and MacIntyre," but the complaint is devoid of any factual matter pertaining to Page's or Perry's oversight of other lawyers. Hays argues that "Perry . . . likely 'managed the relationship'" with Lighthouse, "Page and Perry were consulted on key events when the fraud was detected by the regulators and the firm wrestled with its legal and ethical obligations," and "all of the partners met and discussed what to do when their client's CEO needed separate criminal counsel," but these facts are not stated in the complaint. "For an employer to be held liable for negligent supervision, there must be sufficient evidence to establish that the employer reasonably knew or should have known of an employee's tendencies to engage in certain behavior relevant to the injuries allegedly incurred by the plaintiff." *Novare Grp., Inc. v. Sarif*, 718 S.E.2d 304, 309 (Ga. 2011) (internal quotation marks and

citation omitted). The complaint is devoid of allegations that Parker, Terry, and MacIntyre had a tendency to engage in malpractice or that Page and Perry knew or should have been aware of such tendencies.

The district court did not err by dismissing Hays's complaint. Because the complaint lacked well-pleaded facts from which the district court could draw a reasonable inference that any lawyer was liable for misconduct, the complaint was properly dismissed for failure to state a claim.

## IV. CONCLUSION

We **AFFIRM** the dismissal of Hays's complaint.

## UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

Amy C. Nerenberg
Acting Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

October 05, 2015

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number:  15-11506-GG
Case Style:  S. Hays v. Page Perry, LLC, et al
District Court Docket No:  1:13-cv-03925-TWT

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the CRIMINAL JUSTICE ACT must file a CJA voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for a writ of certiorari (whichever is later).

Pursuant to Fed.R.App.P. 39, costs taxed against the appellant.

The Bill of Costs form is available on the internet at www.ca11.uscourts.gov

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Eleanor M. Dixon, GG at (404) 335-6172.

Sincerely,

AMY C. NERENBERG, Acting Clerk of Court

Reply to: Djuanna Clark
Phone #: 404-335-6161

OPIN-1A Issuance of Opinion With Costs